Leila Narvid, Bar No. 229402
ln@paynefears.com
Jason I. Bluver, Bar No. 281784
jib@paynefears.com
PAYNE & FEARS LLP
235 Pine Street, Suite 1175
San Francisco, California 94104
Telephone: (415) 738-6850
Facsimile:  (415) 738-6855
  --- and ---
Jeffrey S. Lowenstein (*pro hac vice to be filed*)
jlowenstein@bellnunnally.com
Alana K. Ackels, Bar No. 277154
aackels@bellnunnally.com
Brent D. Hockaday (*pro hac vice to be filed*)
bhockaday@bellnunnally.com
BELL NUNNALLY & MARTIN
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone: (223) 740-1400
Facsimile:  (223) 740-1499

Attorneys for Defendant THOMAS DUNDON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON SCHMIDT, individually and on behalf of others similarly situated; REGGIE NORTHRUP, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AAF PLAYERS, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; THOMAS DUNDON, an individual; CHARLES "CHARLIE" EBERSOL, an individual; LEGENDARY FIELD EXHIBITIONS, LLC, a Delaware Limited Liability Company; AAF PROPERTIES, LLC, a Delaware Limited Liability Company; EBERSOL SPORTS MEDIA GROUP, INC., a Delaware Corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.   3:19-cv-3666<br><br>[San Francisco County Superior Court Case No. CGC-19-575169]<br><br>**DEFENDANT'S  PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711, et seq.; and 28 U.S.C. §§ 1334, 1452** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

**PLEASE TAKE NOTICE**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Title 11 of the United States Code, 28 U.S.C. §§ 1334, 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendant Thomas Dundon ("Defendant" or "Dundon") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, on the following grounds:

## I.   THE STATE COURT ACTION

1.   On or about April 10, 2019, Plaintiffs filed an action titled "*Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated v. AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, A Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and Does 1 through 200, inclusive,*" in the Superior Court of the State of California, County of San Francisco, Case No. CGC-19-575169 (the "State Court Action"). A true and correct copy of the original Complaint, Summons, and Civil Case Cover Sheet that were filed is attached hereto as **Exhibit "A"** as part of the Index of Exhibits. (*See also* Declaration of Leila Narvid ("Narvid decl.") at ¶ 3.)

2.   The class of plaintiff in the State Court Action are persons who allegedly contracted with or were involved with the Alliance of American Football ("AAF") as players. (*See* Compl. at

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

¶ 12.) The Plaintiffs' allegations in the State Court Action all arise from their involvement as players in the AAF. *Id.*

3.    Dundon was served with a copy of Plaintiffs' Complaint and Summons on May 24, 2019. (Narvid decl. at ¶ 4.)

4.    On or about April 10, 2019, the Superior Court issued a Notice to Plaintiff of a Case Management Conference scheduled for September 11, 2019 in Department 610 of the San Francisco County Superior Court. A true and correct copy of the Notice to Plaintiff is attached hereto as **Exhibit "B"** as part of the Index of Exhibits. (*Id.* at ¶ 5.)

5.    On or about May 14, 2019, the Superior Court issued an Order Denying Complex Designation for Failure to File Application Requesting Designation. A true and correct copy of the Superior Court's Order is attached hereto as **Exhibit "C"** as part of the Index of Exhibits. (*Id.* at ¶ 6.)

6.    On or about May 29, 2019, Plaintiffs filed a Notice and Acknowledgment of Receipt of Summons and Complaint to Dundon. A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as **Exhibit "D"** as part of the Index of Exhibits. (*Id.* at ¶ 7.)

7.    These constitute the pleadings, process, and orders, either filed but not served, or filed and served, upon or by Plaintiffs and/or Dundon in the State Court Action. Exhibits "A" through "D" are attached hereto as part of the Index of Exhibits.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

-3-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

## II. REMOVAL OF THE ENTIRE CLASS ACTION IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

8. Dundon is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711 ("CAFA") because Plaintiffs have filed a class action complaint where (1) the defendant (Dundon) is a citizen of a state different from at least one of the Plaintiffs, (2) more than 100 members make up the putative class, and (3) the alleged amount in controversy exceeds $5,000,000.

9. In order for this Court to exercise original jurisdiction over this case, it must find that this case is a "class action." 28 U.S.C. § 1332(d)(2). Under 28 U.S.C. § 1332(d), the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute."

10. Here, there is no dispute that Plaintiffs bring this case as a class action against Dundon. (*See* Compl. at 1:1-3.) In their Complaint, Plaintiffs allege that they "bring this action as a Class Action pursuant to California Code of Civil Procedure section 382 both individually and on behalf of all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player. (*Id.*, at ¶ 7.) Thus, this case is a "class action" under 28 U.S.C. § 1332(d).

### A. Minimum Diversity Exists Because Plaintiffs Are Citizens of California and Florida, Whereas Dundon Is a Citizen of Texas.

11. For this Court to exercise original jurisdiction over this case, it must find that minimum diversity exists amongst the parties. 28 U.S.C. § 1332(d)(2). Minimum diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2) – (d)(2)(A).

12. For an individual litigant, residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13. Here, Plaintiff Colton Schmidt is a resident of the County of Los Angeles, State of California. (Compl., ¶1a.) Plaintiff Reggie Northrup is a resident of the County of Orange, State of Florida. (Compl., ¶1b.)

14. In contrast to Plaintiffs, Dundon is, and at all times relevant to the Complaint was, a resident of the County of Dallas, State of Texas. (*See* Declaration of Thomas Dundon ("Dundon decl."), ¶ 2.)

15. Dundon has never been a resident of the State of California. (*Id*. at ¶ 3.) He does not own real property in California, nor has he ever maintained a California driver's license or state identification card. (*Id*. at ¶ 5.)

16. While Plaintiffs assert claims against "Doe" defendants who are fictitiously named and not served, they are not joined in this Petition and Notice, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

17. Because the two named Plaintiffs in this case are citizens of California and Florida, respectively, and Dundon is a citizen of Texas, complete diversity exists between Plaintiffs and Dundon, and there is minimal diversity for purposes of jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    More Than 100 Members Make Up The Putative Class.**

18. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), the action involves a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

19. The putative class is defined in Paragraphs 12 and 13 of the Complaint as "all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player." The AAF consisted of eight centrally owned and operated teams of an estimated 52 players each. Thus, the AAF consisted of an estimated 416 "players," for purposes of the putative class.

20. Should Plaintiffs' putative class be certified (which Dundon opposes), it would consist of more than 100 members. Thus, the exception to CAFA removal under 28 U.S.C. § 1332(d)(5)(B) does not apply.

**C.    The Amount In Controversy Exceeds $5 Million.**

21. Because this action meets the diversity and numerosity requirements discussed above, this Court has original jurisdiction over this action if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated to determine whether the amount in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22. When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 135 S. Ct. 547, 554 (2014); *Clay v. Chobani LLC*, 2015 WL 4743891, at *3 (S.D. Cal. 2015).

23. A defendant satisfies the amount in controversy for CAFA when it relies on a reasonable chain of logic based on the allegations of the complaint and sufficient evidence to show that the amount in controversy exceeds $5 million. *See LaCross v. Knight Transp. Inc.*, 775 F. 3d 1200, 1201 (9th Cir. 2015); *Ritenour v. Carrington Mortg. Servs. LLC*, 2017 WL 59069, at *2–4 (C.D. Cal. 2017); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2 (C.D. Cal. 2015).

24. At this stage, a defendant is only required to prove the amount in controversy by a preponderance of the evidence, and in so doing may calculate the amount in controversy based on *reasonable assumptions. Garcia v. Wal-Mart Stores, Inc.*, 2016 WL 6068104, at *5 (C.D. Cal. 2016); *Sanchez v. The Ritz Carlton*, 2015 WL 4919972, at *3 (C.D. Cal. Aug. 8, 2015). "This is consistent with Congress' intent that CAFA be interpreted expansively." *Ritenour,* 2017 WL 59069, at *4.

25. Dundon denies Plaintiffs' allegations and denies that any amount of damages for breach of contract, fraud, unpaid wages, penalties, or otherwise, is owed to Plaintiffs or other putative class members. Nonetheless, for purposes of this jurisdictional analysis *only*, the amount in controversy based on Plaintiffs' first cause of action alone exceeds $5,000,000.

26.     Plaintiffs allege that Defendant AAF Players, LLC breached a written contract with each and every member of the putative class by "failing to pay Plaintiffs the annual base compensation in the amounts stated in the contract." (Compl. at ¶ 51.) The "base compensation" alleged by Plaintiffs that have not been paid is, at the very least, "$80,000 in the league year of 2020," and "$100,000 in the league year of 2021." In other words, Plaintiffs allege that each of the estimated 416-member putative class has sustained $180,000 in damages from the alleged breach. A simple calculation establishes that such alleged damages total **$74,880,000**.

27.     Plaintiffs allege nearly identical wage claims against Defendant Dundon in their fourth cause of action. (Compl. at ¶¶ 70-76.)

28.     Based on the foregoing, the amount in controversy requirement under 28 U.S.C. § 1332(d) is met because, based on the allegations in the Complaint, Plaintiffs are seeking to recover more than $5,000,000 in this lawsuit.

### III.    REMOVAL OF THE STATE COURT ACTION IS ALSO PROPER BECAUSE THE BANKRUPTCY COURT HAS JURISDICTION OVER THE CLAIMS ASSERTED IN IT.

29.     Additionally, Dundon is authorized to remove this action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure because it is related to bankruptcy proceedings pending before Chief United States Bankruptcy Judge, Craig A. Gargotta, in the Western District of Texas. Indeed, all but one of Dundon's co-defendants in the State Court Action have filed for bankruptcy in the Western District of Texas.

30.     There are six bankruptcy matters arising out of the Alliance of American Football league operations and closure: *In re Legendary Field Exhibitions, LLC*, No. 19-50900-CAG; *In re AAF Players, LLC*, No. 19-50902-CAG; *In re AAF Properties, LLC*, No. 19-50903-CAG; *In re*

*Ebersol Sports Media Group, Inc.*, No. 19-50904-CAG; *In re LFE 2, LLC*, No. 19-50905-CAG; and *In re We Are Realtime, LLC*, No. 19-50906-CAG (the "Bankruptcy Cases"). Four of the six debtors in the Bankruptcy Cases are defendants in the State Court Action. There have been no confirmation hearings in any of the Bankruptcy Cases as of the date of this Petition and Notice of Removal.

31.  U.S. Code Section 1452 states that a "party may remove any claim or cause of action in a civil action . . .to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." 28 U.S.C. § 1452. Section 1334 provides in pertinent part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *Id.* § 1334(b).

32.  A district court's pre-confirmation "related to" jurisdiction is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case. *In re GACN, Inc.*, 555 B.R. 684, 693 (B.A.P. 9th Cir. 2016) *citing Wilshire Courtyard v. Cal. Franchise Tax Bd.* 729 F.3d 1279, 1285 (9th Cir.2013).

33.  Indeed, a proceeding is "related to" a pre-confirmation bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457 (emphasis in original); *Knapp v. Cardinale*, No. C-12-05076-RMW, 2014 WL 4949522, at *1 (N.D. Cal. Oct. 2, 2014) (same.); *In re Know Weigh, L.L.C.*, 576 B.R. 189, 201 (Bankr. C.D. Cal. 2017) ("An action is 'related to' a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way as to impact on the administration of the bankruptcy estate.")

34.     Here, this Court has jurisdiction over the State Court Action because it is "related to" the Bankruptcy Cases.[1] *Id*. § 1334(b). The State Court Action is inextricably intertwined with the Bankruptcy Cases. For example:

- Four of the six defendants in the State Court Action are debtors in the Bankruptcy Cases;
- All of the counts against Dundon in the State Court Action arise from his relationship to the debtors;
- There are issues of fact of law common to both the claims asserted by Dundon (as an individual and through Dundon Capital Partners, LLC) against the debtors and the claims asserted by the Plaintiffs against Dundon and the debtors in the State Court Action;
- The general basis of Plaintiffs' claims in the State Court Action are that Dundon, the debtors, and others committed, *inter alia*, a fraud by misleading them about the "long-term viability" of the football league. To the extent there was any fraud, Dundon, too, was a victim of same. Dundon has filed claims in the Bankruptcy Cases asserting that he, too, was defrauded by the debtors concerning the very same issue;
- Plaintiffs allege that Dundon fraudulently attempted to acquire the debtors' "intellectual property and/or technology," which are assets of the debtor's bankruptcy estate and are under the administration of the Bankruptcy Court;
- To the extent that Plaintiffs recover against Dundon, Dundon has indemnity claims against the debtors (which have been asserted in the Bankruptcy Cases);
- Some of Plaintiffs' claims may be owned by the bankruptcy estate.[2]

---

[1] Shortly after removal is effectuated, if the case is not dismissed for lack of personal jurisdiction over Dundon pursuant to Rule 12(b)(2), Dundon will seek to transfer venue of this matter to the bankruptcy court in the Western District of Texas (the "Bankruptcy Court") or, alternatively, the Northern District of Texas.

[2] To the extent that any of the Plaintiffs' claims are actually owned by the bankruptcy estate pursuant to 11 U.S.C. §541, then those claims either "arise in" or "arise under" Title 11 and constitute "core" claims.

-10-
DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, 1446, 1453, 1711; AND 28 U.S.C. §§ 1334, 1452

35. The Plaintiffs' claims in the State Court Action arise out of the same nexus of facts as the Bankruptcy Cases and the outcome of the State Court Action will have an effect on the estate being administered in bankruptcy including, without limitation, the resolution of claims asserted against the estate and, thus, distributions to the debtors' creditors.

36. Under the standard for "related to" jurisdiction, removal of the State Court Action is proper, and Dundon consents to entry of final orders and judgment by the bankruptcy judge.

## IV. REMOVAL IS TIMELY

37. Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty days of when Dundon first became aware that it was removable. *See* 18 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

38. In this case, the time for removal under CAFA started on May 24, 2019, which is the date the Complaint was served on Dundon. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344 (thirty-day removal period began to run not when defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it assures defendants adequate time to decide whether to remove an action to federal court.")

39. Pursuant to Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure, this case is being removed within ninety days after the order for relief under the Bankruptcy Code was issued.

40. Pursuant to 11 U.S.C. § 301(b), the filing of a bankruptcy petition constitutes an order for relief. In this case, the Bankruptcy Cases were filed on April 17, 2019, at which time the order for relief issued. This case is being removed within ninety days of the bankruptcy filings.

41. Accordingly, removal of the State Court Action is timely under both the Class Action Fairness Act and the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Thomas Dundon hereby respectfully removes this action from the Superior Court of California in and for the County of San Francisco to this United States District Court.

DATED: June 24, 2019

PAYNE & FEARS LLP
Attorneys at Law

By:   */s/ Leila Narvid*
      LEILA NARVID
      JASON I. BLUVER

Attorneys for Defendant THOMAS DUNDON

DATED: June 24, 2019

BELL NUNNALLY & MARTIN
Attorneys at Law

By:   */s/ Alana K. Ackels*
      JEFFREY S. LOWENSTEIN
      ALANA K. ACKELS
      BRENT D. HOCKADAY

Attorneys for Defendant THOMAS DUNDON

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

# INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| "A" | Class Action Complaint, Summons, and Civil Case Cover Sheet filed in *Colton Schmidt, individually and on behalf of others similarly situated; Reggie Northrup, individually and on behalf of others similarly situated v. AAF Players, LLC, a Delaware Limited Liability Company, d/b/a/ The Alliance of American Football; Thomas Dundon, an individual; Charles "Charlie" Ebersol, an individual; Legendary Field Exhibitions, LLC, A Delaware Limited Liability Company; AAF Properties, LLC, a Delaware Limited Liability Company; Ebersol Sports Media Group, Inc., a Delaware Corporation; and Does 1 through 200, inclusive,* Case No. CGC-19-575169 |
| "B" | Notice to Plaintiff re: Setting of Case Management Conference |
| "C" | Order Denying Complex Designation for Failure to File Application Requesting Designation |
| "D" | Notice and Acknowledgment of Receipt of Summons and Complaint |

4830-9254-5435.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
235 PINE STREET, SUITE 1175
SAN FRANCISCO, CALIFORNIA 94104
(415) 738-6850

# PROOF OF SERVICE

*Colton Schmidt, etc., et al. v. AAF Players, LLC, etc., et al.*
<u>United States District Court, Northern District Case No.</u> 3:19-cv-3666

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 24, 2019, I served true copies of the following document(s) described as **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C., §§ 1332, 1441, 1446, 1543, 1711, ET SEQ.; AND 28 U.S.C. §§ 1334, 1452** on the interested parties in this action as follows:

| | |
|---|---|
| Boris Treyzon, Esq.<br>Jonathon Farahi, Esq.<br>ABIR COHEN TREYZON SALO, LLP<br>1901 Avenue of the Stars, Suite 935<br>Los Angeles, CA 90067<br>Tel: (424) 288-4367<br>Fax: (424) 288-4368<br>E-Mail: btreyzon@actslaw.com<br>jfarajo@actslaw.com | Attorneys for Plaintiff STEVE ENRIQUEZ |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2019, at Irvine, California.

/s/ Terri M. Shaw
Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE