UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| COLTON SCHMIDT, individually and on behalf of others similarly situated; REGGIE NORTHRUP, individually and on behalf of others similarly situated, | § § § § § |
| Plaintiffs, | § § |
| v. | § CIV. ACTION NO. 5:19-cv-01080-FB § |
| AAF PLAYERS, LLC, a Delaware Limited Liability Company, d/b/a The Alliance of American Football; THOMAS DUNDON, an individual; CHARLES "CHARLIE" EBERSOL, an individual; LEGENDARY FIELD EXHIBITIONS, LLC, a Delaware Limited Liability Company; EBERSOL SPORTS MEDIA GROUP, INC., a Delaware Corporation; and DOES 1 – 200 inclusive, | § § § § § § § § § § § |
| Defendants. | § |

**DEFENDANT THOMAS G. DUNDON'S ANSWER TO PLAINTIFF'S COMPLAINT
SUBJECT TO DEFENDANT'S MOTION TO DISMISS**

Subject to his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 29, Defendant Thomas G. Dundon ("Defendant") answers the Class Action Complaint for Damages (the "Complaint") filed by Plaintiffs Colton Schmidt and Reggie Northrup, each individually and on behalf of others similarly situated (collectively, "Plaintiffs") as follows:

## PARTIES

1. Defendant is without information sufficient to form a belief as to the truth of Plaintiffs Smith's or Northrup's citizenship, and therefore denies same. Defendant denies all remaining allegations contained in paragraphs 1(a)-(b).

2. Defendant admits Thomas Dundon is a citizen and resident of Dallas and that AAF Players, LLC, Legendary Field Exhibitions, LLC, AAF Properties, LLC, and Ebersol Sports Media Group, Inc. are Delaware companies. Defendant is without information sufficient to form a belief as to the truth of Defendant Charles Ebersol's citizenship or residency, and therefore denies same. Defendant denies all remaining allegations contained in paragraphs 2(a)-(f).

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

## JURISDICTION AND VENUE

7. Defendant admits Plaintiffs purport to bring this case individually and as a class action on behalf of all persons who contracted with AAF Players, LLC or were involved with the Alliance of American Football as a player, but denies any liability or that Plaintiffs are entitled to any relief sought therein.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

## CLASS ACTION ALLEGATIONS

12. Defendant admits Defendants, officers and directors of Defendants, any entity in which any Defendant has a controlling interest, the affiliates, legal representatives, attorneys, heirs, or assigns of any Defendant, and any federal, state or local government entity, and any judge, justice, or judicial officers presiding over this matter and the members of their immediate families and judicial staffs are excluded from the purported class. Defendant also admits Plaintiffs purport to sue on behalf of themselves and all others similarly situated, but denies they are entitled to any relief sought. Defendant denies all remaining allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13 and subparagraphs 13(a)-(e).

14. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies same.

## GENERAL ALLEGATIONS

15. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies same.

16. Defendant is without information sufficient to form a belief as to the truth

of the allegations contained in paragraph 16, and therefore denies same.

17. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies same.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies same.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies same.

20. Defendant is without information sufficient to form a belief as to the truth as to whether the players are represented by a players' union, and therefore denies same. Defendant denies all remaining allegations contained in paragraph 20.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies same.

22. Defendant does not need to admit or deny the allegations contained in paragraph 22 and subparagraphs 22(a)-(c) because they are legal conclusions, but to the extent a response is required, Defendant denies same.

23. Defendant does not need to admit or deny the allegations contained in paragraph 23 and subparagraphs 23(a)-(c) because they are legal conclusions, but to the extent a response is required, Defendant denies same.

24. Defendant does not need to admit or deny the allegations contained in paragraph 24 because they are legal conclusions, but to the extent a response is required,

Defendant denies same.

25. Defendant does not need to admit or deny the allegations contained in paragraph 25 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

26. Defendant does not need to admit or deny the allegations contained in paragraph 26 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies same.

28. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies same.

29. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore denies same.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant admits the allegations contained in paragraph 31.

32. Defendant does not need to admit or deny the allegations contained in paragraph 32 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

33. Defendant admits he participated in an interview in February 2019 that addressed the Alliance of American Football. Defendant is without information sufficient

to form a belief as to the exact statements he or anyone made during the interview, and therefore denies same.  Defendant denies all remaining allegations contained in paragraph 33.

34.     Defendant admits he participated in an interview in February 2019 that addressed the Alliance of American Football.  Defendant is without information sufficient to form a belief as to the exact statements he or anyone made during the interview, and therefore denies same.  Defendant denies all remaining allegations contained in paragraph 34.

35.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and therefore denies same.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore denies same.

39.     Defendant denies the allegations contained in paragraph 39.

40.     Defendant admits the Alliance of American Football announced its players were free to pursue other playing opportunities in April 2019.  Defendant denies all remaining allegations contained in paragraph 40.

41.     Defendant denies the allegations contained in paragraph 41.

42.     Defendant denies the allegations contained in paragraph 42.

43. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and therefore denies same.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant does not need to admit or deny the allegations contained in paragraph 45 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

46. Defendant does not need to admit or deny the allegations contained in paragraph 46 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

## CLASS ACTION ALLEGATIONS

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

## (Against Defendant AAF Players, LLC)

47. Defendant incorporates by reference all other paragraphs as if set forth herein.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendant AAF Players, LLC, and Does 1-200)

56. Defendant incorporates by reference all other paragraphs as if set forth herein.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

## THIRD CAUSE OF ACTION

## PROMISSORY ESTOPPEL

### (Against All Defendants, and Does 1-200)

64. Defendant incorporates by reference all other paragraphs as if set forth herein.

**DEFENDANT THOMAS G. DUNDON'S ANSWER TO PLAINTIFFS' COMPLAINT**
**SUBJECT TO DEFNDANT'S MOTION TO DISMISS**                                     Page 8

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

## FOURTH CAUSE OF ACTION

**FAILURE TO PAY WAGES IN VIOLATION OF LABOR CODE § 201,** *et. seq.*

**(Against All Defendants, and Does 1-200)**

70. Defendant incorporates by reference all other paragraphs as if set forth herein.

71. Defendant denies the allegations contained in paragraph 71.

72. Defendant does not need to admit or deny the allegations contained in paragraph 72 because they are legal conclusions, but to the extent a response is required, Defendant denies same.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies the allegations contained in paragraph 76.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINES AND PROFESSIONS CODE § 17200, *et. seq.*

### (Against Defendant AAF Players, LLC, and Does 1-200)

77. Defendant incorporates by reference all other paragraphs as if set forth herein.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

## SIXTH CAUSE OF ACTION

## FRAUD

### (Against All Defendants, and Does 1-200)

81. Defendant incorporates by reference all other paragraphs as if set forth herein.

82. Defendant denies the allegations contained in paragraph 82.

83. Defendant denies the allegations contained in paragraph 83.

84. Defendant denies the allegations contained in paragraph 84.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

90. Defendant denies the allegations contained in paragraph 90.

## SEVENTH CAUSE OF ACTION

## FALSE PROMISE

### (Against All Defendants, and Does 1-200)

91. Defendant incorporates by reference all other paragraphs as if set forth herein.

92. Defendant denies the allegations contained in paragraph 92.

93. Defendant denies the allegations contained in paragraph 93.

94. Defendant denies the allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

96. Defendant denies the allegations contained in paragraph 96.

## EIGHTH CAUSE OF ACTION

## INDUCING BREACH OF CONTRACT

### (Against Defendants Dundon, Legendary Field Exhibitions, LLC, Ebersol Sports Media Group, Inc., AAF Properties, LLC, and Does 1-200)

97. Defendant incorporates by reference all other paragraphs as if set forth herein.

98. Defendant denies the allegations contained in paragraph 98.

99. Defendant denies the allegations contained in paragraph 99.

100.   Defendant denies the allegations contained in paragraph 100.

101.   Defendant denies the allegations contained in paragraph 101.

102.   Defendant denies the allegations contained in paragraph 102.

103.   Defendant denies the allegations contained in paragraph 103.

104.   Defendant denies the allegations contained in paragraph 104.

## DAMAGES

Defendant does not need to admit or deny the allegations or requests for relief under the paragraph titled "DAMAGES" or the subparagraphs (a)-(i) below it, but Defendant denies Plaintiffs are entitled to any relief sought therein.

## PRAYER FOR RELIEF

Defendant does not need to admit or deny the allegations or requests for relief under the paragraph titled "PRAYER FOR RELIEF" or the subparagraphs (1)-(9) below it, but Defendant denies Plaintiffs are entitled to any relief sought therein.

## DEFENSES

1.   Plaintiffs failed to state a claim upon which relief can be granted with regard to their claims against Dundon for promissory estoppel, failure to pay wages in violation of the California Labor Code, fraud, "false promise," and inducing breach of contract.

2.   Plaintiffs' recovery is barred, in whole or in part, under the doctrines of estoppel, waiver, and laches.

3. Every cause of action alleged against Dundon is barred in whole or in part because Dundon satisfied all obligations, if any, under applicable law.

4. Plaintiffs' causes of action are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known by Dundon at the time.

5. Plaintiffs' recovery is limited in whole or in part by Plaintiffs' failure to mitigate their alleged damages, if any, and also by the doctrine of avoidable consequences and all similar and equivalent doctrines.

6. Plaintiffs are barred from recovery against Dundon due to the intentional intervening acts of a third party, which shield Dundon from liability.

7. Plaintiffs are not entitled to relief based on the doctrine of unclean hands.

8. Any recovery on Plaintiffs' Complaint or any cause of action alleged therein is barred, in whole or in part, by Plaintiffs' failure to mitigate damages, if any.

9. Any acts or omissions by Dundon were not a proximate cause of any injuries alleged by Plaintiffs.

10. Dundon is entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiffs and Plaintiffs' counsel because Plaintiffs' Complaint, and each purported cause of action alleged therein, is frivolous and was brought and maintained in bad faith and without reasonable cause, is without merit, and was brought for the sole purpose of harassing Dundon.

11. The Complaint, and all alleged causes of action therein, are improperly before this Court because Plaintiff signed, and is bound, by an arbitration agreement which provides that Plaintiff must submit his claims against Defendant to final and binding arbitration.

12. Plaintiffs' causes of action are barred to the extent Plaintiffs and the class they seek to represent were not employed by Defendant.

13. Plaintiffs' causes of action asserted in the Complaint are barred because there is no individual liability for the alleged acts or omissions of Defendant.

14. Plaintiffs' causes of action are barred because Plaintiffs' failure to perform pursuant to the agreement, if any, between the parties excused Defendant from performing any obligations he did not perform.

15. Plaintiffs' causes of action are barred because Plaintiffs failed to perform conditions precedent to the formation and/or enforcement of any contract alleged by Plaintiffs.

16. Plaintiffs' causes of action are barred because there was no meeting of the minds as to the essential terms of any alleged contract that Plaintiffs allege Defendant breached.

17. Plaintiffs' causes of action are barred because Defendant has appropriately, completely and fully performed and discharged any and all obligation and legal duties arising out of the matters alleged in the Complaint.

18.     Plaintiffs' causes of action are barred because to the extent Plaintiffs and/or the other putative class members seek injunctive relief under the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*), this equitable remedy is unavailable based on the lack of irreparable harm and the existence of an adequate remedy at law.

19.     Plaintiffs' causes of action are barred because Plaintiffs lack standing to prosecute the purported claims set forth in the Complaint.

20.     Plaintiffs are barred from prosecuting the causes of action alleged in the Complaint by the doctrine of ratification.

21.     To the extent Plaintiffs suffered any damages, such damages should be offset in an amount to be proven.

## PRAYER

Defendant Thomas Dundon prays Plaintiffs take nothing by the Complaint; and that the Court award Defendant his costs herein incurred, including attorneys' fees as allowable by law; and for such other and further relief, at law or in equity, to which the Court deems proper.

Dated: September 20, 2019

Respectfully submitted,

**BELL NUNNALLY & MARTIN, LLP**

*/s/ Brent D. Hockaday*
Jeffrey S. Lowenstein
Texas Bar No. 24007574
jlowenstein@bellnunnally.com
Alana K. Ackels
Texas Bar No. 24066760
aackels@bellnunnally.com
Brent D. Hockaday
Texas Bar No. 24071295
bhockaday@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214.740.1400 (Telephone)
214.740.1499 (Facsimile)

**ATTORNEYS FOR DEFENDANT THOMAS G. DUNDON**

**CERTIFICATE OF SERVICE**

I certify that on September 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties requesting electronic notification in this case.

*/s/ Brent D. Hockaday*
Brent D. Hockaday